IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-004-RGA |
| | : | |
| GREG ABBOTT, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of May, 2020, having reviewed Plaintiff's motions to appeal (D.I. 7, 8), construed as motions for an extension of time to file notices of appeal;

IT IS ORDERED THAT the motions (D.I. 7, 8) are **DENIED** for the following reasons:

1.  Plaintiff Ismael Hernandez Padilla, an inmate at the John B. Connally Unit in Kenedy, Texas, filed this action on January 2, 2019. (D.I. 2). On January 14, 2019, the Court entered an order that vacated an order that had granted Plaintiff leave to proceed *in forma pauperis*, denied Plaintiff in *forma pauperis status*, and gave Plaintiff thirty days from the date of the order to pay the $400 filing fee. (D.I. 5). The order warned Plaintiff that the case would be dismissed if he did not timely pay the filing fee. Plaintiff did not pay the filing fee and, on March 20, 2019, the Court entered an order that dismissed the complaint without prejudice. (D.I. 6).

2.  On February 28, 2020, Plaintiff filed two motions: a motion to appeal the January 14, 2019 order (D.I. 7) and a motion to appeal the March 20, 2019 order (D.I.

1

8).¹  While it is not clear that Plaintiff actually seeks extensions of time to appeal, Plaintiff proceeds *pro se*, and he is afforded some leniency.  Therefore, the Court construes both motions as motions for extension of time to appeal.

In Docket Item 7, Plaintiff refers to the March 20, 2019 dismissal and provides argument why the dismissal violates his constitutional rights.  (D.I. 7 at 1).  The motion also provides an affidavit that "Plaintiff is completely in poverty."  (*Id.* at 1).  In Docket Item 8, Plaintiff asks the court to reopen the case and again asserts violations of his constitutional rights.  (D.I. 8 at 1).  Docket Item 8 also provide an affidavit of poverty.  (*Id.* at 2).

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may grant Plaintiff's motions only if they were filed no later than thirty (30) days after the expiration of the time originally prescribed by Rule 4(a)(1), and he shows either excusable neglect or good cause.  The motions do not meet any of the requirements of Rule 4(a)(5)(A).

The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case be filed within 30 days after the order appealed from is entered on the district court's docket.  *See* Fed. R. App. P. 4(a)(1)(A).  Here, the Orders were entered on January 14, 2019 and March 20, 2019, respectively.  Pursuant to the Rule, Plaintiff was required to file a motion for extension of time to appeal no later than April 20, 2019 respectively.  (I assume he could appeal both orders as part of a final judgment.).  He did not.  The motions were belatedly filed by about ten months.  Hence, Plaintiff's

---

¹ The date of filing is determined pursuant to the "mailbox rule."  Here, Plaintiff's motions are signed February 28, 2020.  The envelopes' postmarks are illegible.  Curiously, the envelopes were received by the Clerk of Court on May 18, 2020.  The Court gives Plaintiff the benefit of the doubt as to the filing date.

2

motions for extension of time to file an appeal are untimely under Rule 4(a)(5).

Thus, I do not need to consider the other requirements of Rule 4(a)(5)(A). Therefore, the Court will deny the motions for extensions of time to file a notice of appeal.

        /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE